UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOYKE HEALTH CENTER, P.C., Individually and as the representative of a Class of similarly-situated persons, | ) ) ) ) | **FILED: JULY 17, 2008**<br>**08CV4049**<br>Case No. **JUDGE ANDERSEN**<br>**MAGISTRATE JUDGE MASON** |
| Plaintiff, | ) ) | **AEE** |
| v. | ) ) | REMOVAL FROM<br>CIRCUIT COURT OF |
| MIDWEST WASTE SERVICES, LLC, | ) ) | COOK COUNTY, ILLINOIS |
| Defendant. | ) | |

**NOTICE OF REMOVAL TO FEDERAL COURT
BASED ON FEDERAL QUESTION JURISDICTION**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant, MIDWEST WASTE SERVICES, LLC, by and through its attorneys, Eric L. Samore and Vasudev N. Addanki of SmithAmundsen LLC, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, of the above-styled action, pending as Case No. 08 CH 19978 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. In support of this petition and as grounds for removal, Defendant states as follows:

1. On or about June 4, 2008, Plaintiff, Goyke Health Center, P.C. ("Plaintiff") filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled, Goyke Health Center, P.C. v. Midwest Waste Services, LLC, Case No. 08 CH 19978. (Defendant attaches as **Exhibit A** to this Notice of Removal to Federal Court based on Federal Question Jurisdiction a copy of the Class Action Complaint, together with summons). No proceedings have occurred in the Circuit Court of Cook County as of the date of this removal.

2. A copy of Plaintiff's Class Action Complaint and Summons were served on Defendant's registered agent on or after July 1, 2008.

3. The Class Action Complaint alleges three causes of action based on an alleged transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"); and conversion. Plaintiff brings these claims on behalf of a class of persons. (*See* **Exhibit A**).

4. This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, as indicated by not only Count I but by the "Preliminary Statement" of the Class Action Complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5. Removal to this federal court is authorized by 28 U.S.C. § 1441. The Seventh Circuit has held in another TCPA-based lawsuit that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law. *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)).

6. This Court has supplemental jurisdiction over Plaintiff's ICFA and conversion claims because they form part of the same case or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor do Plaintiff's state law claims predominate over its federal TCPA claim. *See* 28 U.S.C. § 1367(c). This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant

to 28 U.S.C. § 1441(c).

7. There are no other defendants named in this action.

8. At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon Defendant. Plaintiff has not yet requested a trial by jury as indicated by the Class Action Complaint.

9. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Class Action Complaint, which sets forth the claims upon which the Notice of Removal is based. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

10. Written notice of this Notice of Removal is being served upon Plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Cook County, Illinois, County Department, Chancery Division. The Circuit Court of Cook County, Illinois, is located within this District and Division.

WHEREFORE, for the foregoing reasons, Defendant, MIDWEST WASTE SERVICES, LLC, petitions that the above-entitled action be removed and transferred from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois.

    Respectfully Submitted,

    MIDWEST WASTE SERVICES, LLC

    By: /s/ Eric L. Samore
        One of its Attorneys

Eric L. Samore, ARDC # 6181345
Vasudev N. Addanki, ARDC # 6278927
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax: (312) 894-3210

## CERTIFICATE OF SERVICE

      Eric L. Samore, an attorney, certifies that he caused the foregoing Notice of Removal to be served upon the parties of record listed below by placing copies of the documents in envelopes addressed as aforesaid, with proper postage pre-paid, and depositing the envelopes in the U.S. Mail chute at 150 N. Michigan, Chicago, IL, before 5:00 p.m. on July 17, 2008.

                                        s\Eric L. Samore

**SERVICE LIST**

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
Edelman Combs Latturner & Goodwin LLC
120 S. LaSalle Street
18th Floor
Chicago, IL  60603
312-739-4200
312-419-0379 (fax)

Midwest's Attorney:
James Lanting
Lanting, Paarlberg & Associates, Ltd.
16230 Louis Avenue
South Holland, Illinois 60473
708-339-1070
708-339-1024 (fax)
jlanting@lpalawltd.com

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

GOYKE HEALTH CENTER, P.C., )
individually and as the representative of a )
class of similarly-situated persons, )
)
Plaintiff, )
) No. 08CH 19978
v. )
)
MIDWEST WASTE SERVICES, LLC., )
)
Defendant. )
)

### CLASS ACTION COMPLAINT

Plaintiff, GOYKE HEALTH CENTER, P.C., ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, MIDWEST WASTE SERVICES, LLC. ("Defendant"):

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from

receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because Defendant is a resident of Cook County, Illinois.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9. Plaintiff is an Illinois corporation.

10. On information and belief, Defendant, MIDWEST WASTE SERVICES, LLC., is a foreign corporation with its registered agent located in South Holland, Illinois.

### FACTS

11. On June 25, 2007, Defendant faxed advertisements to Plaintiff. True and correct copies of those facsimiles are attached hereto as Exhibit A.

12. Plaintiff had not invited or given permission to Defendant to fax advertisements.

13. On information and belief, Defendant faxed the same and similar advertisements to more than 39 other recipients without first receiving their recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

17. A class action is warranted here because:

    (a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

        (i) Whether Defendant sent unsolicited fax advertisements;

        (ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

3

(iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendant violated the provisions of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii) Whether the Court should award trebled damages.

18. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

4

person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22. The TCPA provides:

    3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) Both such actions.

23. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if their actions were only negligent.

26. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that no established business relationship existed with Plaintiff and the other members of the class.

27. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine.

5

Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST WASTE SERVICES, LLC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion

6

under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

31. A class action is proper in that:

    (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

        (i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

        (ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

        (iii) Whether Defendant committed the tort of conversion.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39. Each of Defendant's unsolicited fax advertisements misappropriated Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax

8

machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST WASTE SERVICES, LLC., as follows:

    A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

    B.    That the Court award appropriate damages;

    C.    That the Court award costs of suit; and

    D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

43. A class action is proper in that:

   (a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

   (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

   (i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

   (ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

   (iii) Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

   (iv) Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

   (v) Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the

10

prosecution of separate claims is small and individual actions are not economically feasible.

46. Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST WASTE SERVICES, LLC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's

counsel as counsel for the class;

    B.    That the Court award damages to Plaintiff and the other class members;

    C.    That the Court award attorney fees and costs;

    D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

    E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

                  GOYKE HEALTH CENTER, P.C, individually and
                    as the representative of a class of similarly-situated
                    persons

            By: _____
                    One of Plaintiff's Attorneys

Vincent L. DiTommaso
Peter S. Lubin
Janice L. Morrison
DiTommaso ♦ Lubin, PC (35673)
17W 220 22nd Street - Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0333

Phillip A. Bock
Bock & Hatch, LLC (44533)
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
(312) 658-5500

# EXHIBIT A

## What else are you throwing away with your medical waste?

### SAVE $$$
With Cost-Effective Medical Waste Disposal from Midwest Waste Services.



**MIDWEST WASTE SERVICES**

1-800-642-6776

### MIDWEST WASTE SERVICES WILL:
- GUARANTEE YOUR FACILITY A 20-50% SAVINGS OFF YOUR CURRENT PRICING
- CHARGE ONLY WHEN WE PICK UP AND DISPOSE OF YOUR MEDICAL WASTE
- NOT CHARGE ANY HIDDEN OR MONTHLY FEES

Midwest Waste Services offers the latest technology in disposing of infectious and biomedical waste. Our program, from pick-up through disposal, was designed to not only meet, but exceed the strict new federal and state EPA regulations.

Midwest Waste Services provides the following:

- Discounts for 3 or more facilities
- Certification of destruction
- Reusable sharps program for larger facilities
- Licensed, Insured and E.P.A approved facilities
- Biomedical manifest for legal tracking of wastes
- Bonded and trained employee's
- Mail back program for smaller facilities

_Your company info:_

Facility Name: _____

Address, City, State, Zip: _____

Phone: _____   Contact Name: _____

WHAT TYPE OF SERVICE DO YOU CURRENTLY HAVE? _____  (CIRCLE ONE)

WEEKLY   BI-WEEKLY   MONTHLY   BI-MONTHLY   QUARTERLY   ON-CALL

HOW MANY CONTAINERS ARE PICKED UP ON EACH SERVICE CALL? _____

WHO IS YOUR CURRENT MEDICAL WASTE TRANSPORTER? _____

WHAT IS YOUR MONTHLY CHARGE TO DISPOSE OF YOUR MEDICAL WASTE? _____

****************** BEGIN SAVING NOW ******************

Fax this form back to (708) 251-4396 along with a copy of your most recent invoice and Midwest Waste Services, LLC will guarantee your facility a cost savings of 20 – 50% off your current pricing

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (         )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ____CHANCERY____ DIVISION

(Name all parties)

GOYKE HEALTH CENTER, P.C., et al.

v.

MIDWEST WASTE SERVICES, LLC.

No. **08CH19978**

Please serve:
Defendant Midwest Waste Services
c/o Lanting, Paarlberg & Associate
16230 Louis Avenue
South Holland, Illinois 60473

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ____802____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 35673
Name: DiTommaso-Lubin, P.C.
Atty. for: Plaintiff
Address: 17W 220 22nd St., Suite 200
City/State/Zip: Oakbrook Terrace, IL 60181
Telephone: (630) 333-0000

WITNESS, **JUN 0 4 2008**

**DOROTHY BROWN
CLERK OF CIRCUIT COURT**

_____
Clerk of Court

Date of service: _____,_____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: ___(630)___  ___333-0333___
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**