UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOYKE HEALTH CENTER, P.C., | ) | |
| Individually and as the representative of a | ) | Case No.  08 C 4049 |
| Class of similarly-situated persons, | ) | |
| | ) | Judge Anderson |
| Plaintiff, | ) | Magistrate Judge Mason |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST WASTE SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, MIDWEST WASTE SERVICES, LLC'S, MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)
FOR FAILURE TO STATE A CLAIM**

**NOW COMES** Defendant, MIDWEST WASTE SERVICES, LLC, by and through its

attorneys, Eric L. Samore and Vasudev N. Addanki of SmithAmundsen LLC, and moves this

Honorable court to dismiss Counts II and III of Plaintiff's Class Action Complaint pursuant to

FED. R. CIV. P. 12(b)(6).  In support of its Motion to Dismiss, Defendant states as follows:

**I.      STATEMENT OF THE CASE.**

Plaintiff, Goyke Health Center, P.C. ("Plaintiff"), has brought an action alleging:

violation of the prohibition contained in the Telephone Consumer Protection Act of 1991, 27

U.S.C. §227, *et seq.* ("TCPA"); violation of the prohibition contained in the Illinois Consumer

Fraud Act, 815 ILCS 505/2 ("ICFA"); and, conversion of Plaintiff's toner and paper.  (Plaintiff's

Complaint is attached hereto as ***Exhibit A***).  Defendant removed this action from the Circuit

court of Cook County and files this Motion to Dismiss Counts II and III of the Class Action

Complaint.

Defendant now moves for dismissal of Counts II and III of Plaintiff's Class Action Complaint because:

(1)    In Count II, Plaintiff fails to state a claim for conversion because the tort of conversion was intended to remedy the taking or complete destruction of tangible property and does not apply to the purported fax transmissions; and

(2)    In Count III, Plaintiff alleges a violation of the Illinois Consumer Fraud Act but this claim fails to allege conduct that is unfair or deceptive.

Due to the deficiencies in these allegations by Plaintiff, dismissal of Counts II and III contained in the Plaintiff's Class Action Complaint is proper.

## II.    COUNT II OF PLAINTIFF'S CLASS ACTION COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO ALLEGE A CAUSE OF ACTION FOR CONVERSION.

In this case, premised upon the purported unsolicited faxing of one document to the Plaintiff, it would "impermissibly warp the concept of 'conversion' if that label were to be attached to [Plaintiff's] property (ink, toner and paper) that never came into [Defendant's] possession at all." *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006). Such a claim based upon "conversion" of "paper and ink or toner" based upon the alleged receipt of one, one-page facsimile fails because Defendant did not unlawfully hold possession of Plaintiff's property and did not assume "'control, dominion or ownership over the property.'" *Id.* (citation omitted.) Therefore, dismissal of the conversion claim is proper.

In order to state a claim for conversion, Plaintiff must allege: 1) the defendant's unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property; 2) the plaintiff's right in the property; 3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally; and 4) the plaintiff's demand for possession of the property. *Roderick Dev. Inv. Co. v. Cmty. Bank of Edgewater*, 282 Ill. App. 3d 1052, 668 N.E.2d 1129 (1st Dist. 1996). That Plaintiff's conversion claim is without merit is obvious from simply

analyzing the first requirement of stating a conversion claim: that defendant engaged in an unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property. *Id.*[1]

The essence of Plaintiff's conversion claim is that Defendant, by the purported sending to Plaintiff of a one-page fax, "permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use…." (**Exhibit A**, ¶ 36). However, the Northern District of Illinois has previously found that in cases such as this one the alleged property, including ink, toner, and paper, never comes into Defendant's possession and is, therefore, never unlawfully held by Defendant; there is no control, dominion or ownership exercised by Defendant over the property. *Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 980. Only by improperly "stretching [conversion] language beyond its normal meaning" could the alleged facts show conversion. *Id.* In other words, in the binding legal precedent of *Rossario's*, the Northern District has found that the mere receipt and printing of a fax transmission does not constitute the type of control or dominion over property contemplated by the tort of conversion; it does not entail the taking or complete destruction of property. *Id.*

The matter at hand involves the exact same allegations of fact and law that the Northern District of Illinois considered in *Rossario's*, in which the Court dismissed the conversion claim. Therefore, dismissal of this Count is proper given this clear, legal precedent.

## III.   COUNT III FAILS TO STATE A CLAIM FOR AN ICFA VIOLATION BECAUSE DEFENDANT HAS NOT ENGAGED IN A DECEPTIVE ACT OR UNFAIR PRACTICE AND THERE HAS BEEN NO SUBSTANTIAL INJURY OR INTERRUPTION OF BUSINESS.

Plaintiff makes the conclusory assertion that Defendant has engaged in an unfair practice in violation of the Illinois Consumer Fraud Act by sending a purportedly unsolicited fax to

---

[1] Defendant also avers that Plaintiff's conversion claim fails to meet the other requirements of pleading a conversion claim; however, analysis of this first prong required for a conversion claim alone demonstrates the deficiency.

Plaintiff. (*See **Exhibit A***, ¶ 46). Such contention is insufficient to state a cause of action under ICFA, and therefore, requires dismissal.

To state a cause of action for an ICFA violation, Plaintiff must allege: (1) Defendant engaged in a deceptive act or unfair practice; (2) Defendant intended for Plaintiff to rely on the deception or unfair practice; and (3) the unfair or deceptive act occurred during a course of conduct involving trade or commerce. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951, 960 (2002). ICFA requires that "the complained-of action be 'unfair'" and that the Plaintiff's complained-of injury constitute "'significant harm.'" *Rossario's*, 443 F. Supp. 2d at 978; *W. Ry. Devices, Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 U.S. Dist. LEXIS 43867, at *16 (N.D. Ill. June 13, 2006) (citing *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348 at *3 (Ill. Cir. Ct. Oct. 19, 2004))[2]. Plaintiff has not pled such an action. Plaintiff simply alleges that Defendant's "misconduct [in sending unsolicited fax advertisements] caused damages to Plaintiff…including the loss of paper, toner, ink, use of their facsimile machines, and use of employees' time. (*See **Exhibit A***, ¶¶ 48, 49).

Plaintiff's ICFA claim does not satisfy the three-prong test of *Robinson*. In particular, Plaintiff's assertion of an action or practice that is purportedly "unfair" does not allege the level of conduct expressly required by the statute; indeed, the alleged sending of a one-page facsimile is an action that falls far outside behavior regulated by ICFA. *See Rossario's*, 443 F. Supp. 2d at 979. Plaintiff cannot state or prove that the purported transmission of one, unsolicited facsimile advertisement constitutes "unfair conduct." To constitute conduct that is unfair, under ICFA, courts consider whether a defendant's conduct: (1) violates public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and, (3) substantially injures the plaintiff. *Robinson*, 201

---

[2] ICFA states: "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a.

Ill. 2d at 417-18.

Plaintiff has not met its burden of alleging specific and adequate facts to demonstrate unfair or deceptive practices on the part of Defendant. The "pejorative 'unfair practice' label" applied by this Plaintiff to the facts and circumstances of this case—wherein the allegations only involve the purported faxing of a one page facsimile to Plaintiff—fails because these facts do not state a cause of action under ICFA. *See Rossario's*, 443 F. Supp. 2d at 979. Under ICFA and the *Robinson* analysis, Plaintiff's purported receipt on one occasion of a one-page facsimile, does not rise to the required level of oppressiveness. *See id.* (finding the "public policy" consideration of *Robinson* can be met while the other two factors of *Robinson* heavily outweigh consideration of that one element and are patently inapplicable in cases involving a one-page fax advertisement).

Furthermore, Plaintiff's allegation of "substantial injury" for the purported loss of paper, toner, ink and use of the facsimile machine is without precedential support. Defendant's purported transmission of one page worth of text clearly does not constitute the substantial injury requirement of ICFA according to *Western Railway* and *Robinson*. A "practice causes substantial injury to consumers if it causes significant harm to the plaintiff;" however, the "cost of receiving and printing a single page facsimile advertisement cannot be characterized as 'significant harm.'" *Western Railway*, 2006 U.S. Dist. LEXIS 43867, at *16. Additionally, to state a claim under ICFA, Plaintiff must allege and show that the Defendant's violation of ICFA proximately caused "actual damage," which must also be "substantial." *See Western Railway*, 2006 U.S. Dist. LEXIS 43867, at *17. Even without quantifying the amount of alleged damage, Plaintiff's receipt of a one-page fax could only be trivial, costing not more than a few pennies. Furthermore, a Plaintiff cannot claim "substantial injury" based upon claims of sending class-

wide faxes because when a putative class representative has no valid claim in its own right, it cannot bring such a claim on behalf of a putative class. *Western Railway*, 2006 U.S. Dist. LEXIS 43867 at *17 (citing *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581, (1st Dist. 2004)).

In addition, there is no allegation—indeed no evidence to support such allegation exists—for stating an interruption of business. If anything, there was a minimal disruption of Plaintiff's business, a minimal intrusion into Plaintiff's use of time and a negligible use of Plaintiff's paper and toner. Defendant's conduct does not rise to the level of oppression required to bring a cause of action under ICFA. Also, there are no allegations of significant loss of use of its facsimile machine, unavailability of the machine to receive an important message, or lost profits due to business disruption.

In essence, Plaintiff has failed to state a claim under ICFA as he has not alleged sufficient facts to show that a purported transmission of one page of text via facsimile from Defendant was an unfair or deceptive practice that caused a substantial injury or interruption of business as contemplated by the ICFA. This claim fails as it is built on conclusory and deficient allegations.

**WHEREFORE**, Defendant, MIDWEST WASTE SERVICES, LLC, respectfully prays that this Honorable Court grant his Motion to Dismiss Counts II and III of Plaintiff's Class Action Complaint, and for such other and further relief this Court deems just and proper.

Respectfully Submitted,

By:     /s/ Vasudev N. Addanki
        One of the Attorneys for Defendant,
        MIDWEST WASTE SERVICES, LLC

6

## <u>CERTIFICATE OF SERVICE</u>

Vasudev N. Addanki, an attorney, certifies that he caused the foregoing **Motion to Dismiss Plaintiff's Class Action Complaint** to be served electronically upon the below parties of record on August 11, 2008:

Vincent L. DiTomasso
Peter S. Lubin
Janice L. Morisson
DiTomasso Lubin, PC
17W 220 22nd Street – Suite 200
Oakbrook Terrace, IL 60181
(630) 333-0333

Phillip A. Bock
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
(312) 658-5000


Eric L. Samore
Vasudev N. Addanki
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894-3210
Firm No. 42907
COUNSEL FOR MIDWEST WASTE SERVICES, LLC

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

GOYKE HEALTH CENTER, P.C.,
individually and as the representative of a
class of similarly-situated persons,

        Plaintiff,

    v.

MIDWEST WASTE SERVICES, LLC.,

        Defendant.

No. 08 CH 10048



## CLASS ACTION COMPLAINT

Plaintiff, GOYKE HEALTH CENTER, P.C., ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, MIDWEST WASTE SERVICES, LLC. ("Defendant"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from

receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq, because Defendant is a resident of Cook County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff's is an Illinois corporation.

10.    On information and belief, Defendant, MIDWEST WASTE SERVICES, LLC, is a foreign corporation with its registered agent located in South Holland, Illinois.

## FACTS

11.    On June 25, 2007, Defendant faxed advertisements to Plaintiff.  True and correct copies of those facsimiles are attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to more than 39 other recipients without first receiving their recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted here because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

    (i)    Whether Defendant sent unsolicited fax advertisements;

    (ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

3

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

4

person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

3.    Private right of action.    A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq, by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if their actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that no established business relationship existed with Plaintiff and the other members of the class.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine.

Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST WASTE SERVICES, LLC, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-301, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

31. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendant committed the tort of conversion.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements misappropriated Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax

machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST WASTE SERVICES, LLC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

43.   A class action is proper in that:

    (a)   On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

    (b)   There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

        (i)   Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

        (ii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

        (iii)   Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

        (iv)   Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

        (v)   Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the

10

prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST WASTE SERVICES, LLC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's

counsel as counsel for the class;

    B.    That the Court award damages to Plaintiff and the other class members;

    C.    That the Court award attorney fees and costs;

    D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

    E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

GOYKE HEALTH CENTER, P.C. individually and as the representative of a class of similarly-situated persons

By: _____
    One of Plaintiff's Attorneys

Phillip A. Bock
Bock & Hatch, LLC (44533)
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
(312) 658-5500

Vincent L. DiTommaso
Peter S. Lubin
Janice L. Morrison
DiTOMMASO ♦ LUBIN, P.C (35673)
17W 220 22nd Street - Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0333

12



# What else are you throwing away with your medical waste?

**SAVE $$$**
With Cost-Effective
Medical Waste Disposal from
Midwest Waste Services.

**1-800-642-6776**

## MIDWEST WASTE SERVICES WILL:

- **GUARANTEE YOUR FACILITY A 20-50% SAVINGS OFF YOUR CURRENT PRICING**
- **CHARGE 'ONLY' WHEN WE PICK UP AND DISPOSE OF YOUR MEDICAL WASTE**
- **NOT CHARGE ANY HIDDEN OR MONTHLY FEES**

Midwest Waste Services offers the latest technology in disposing of infectious and biomedical waste. Our program, from pick-up through disposal, was designed to not only meet, but exceed the strict new federal and state EPA regulations.

## Midwest Waste Services provides the following:

- Discounts for 3 or more facilities
- Certification of destruction
- Reusable sharps program for larger facilities
- Licensed, insured and EPA approved facilities
- Biomedical mailback for legal tracking of wastes
- Bonded and trained employees
- Mail pack program for smaller facilities

***

**WHAT TYPE OF SERVICE DO YOU CURRENTLY HAVE?** _(CIRCLE ONE)_

WEEKLY · BI-WEEKLY · MONTHLY · BI-MONTHLY · QUARTERLY · ON CALL

**HOW MANY CONTAINERS ARE PICKED UP ON EACH SERVICE CALL?** _____

**WHO IS YOUR CURRENT MEDICAL WASTE TRANSPORTER?** _____

**WHAT IS YOUR MONTHLY CHARGE TO DISPOSE OF YOUR MEDICAL WASTE?** _____

***

*Your company info:*

Facility Name: _____

Address, City, State, Zip: _____

Phone: _____   Contact Name: _____

**********************  **BEGIN SAVING NOW**  **********************

Fax this form back to (708) 251-4386 along with a copy of your most recent invoice and Midwest Waste Services, LLC will **guarantee** your facility a cost savings of 20 – 50% off your current pricing.